Jeanette Mazzola, Debtor Pro Se
3105 NE Whitman Avenue
Vancouver, WA 98662
(360) 550-7901
leastep91@comcast.net
*Pro Se Plaintiff*

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| In re:<br><br>JEANETTE MAZZOLA,<br><br>   Debtor. | Case No.: 25-41558-MJH<br><br>Chapter 7 |
| JEANETTE MAZZOLA,<br><br>   Pro Se Plaintiff,<br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION AND NELNET,<br><br>   Defendants. | COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS<br><br>Adversary Pro. No. _____ |

  COMES NOW, Pro Se Plaintiff, Jeanette Mazzola, and files this Complaint to Determine Dischargeability of Student Loans, and for good cause, would show the Court the following:

**JURISDICTION AND VENUE**

  On June 30, 2025, Pro Se Plaintiff, Jeanette Mazzola (hereinafter referred to as "Plaintiff" or "Debtor"), a resident of Clark County, filed her voluntary petition under Chapter 7 of the Bankruptcy Code, commencing this bankruptcy case (the "Bankruptcy Case"), in the Western District of Washington, Tacoma Division, under Case No. 25-41558-MJH. Therefore, this court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS     1

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

This Complaint is commenced pursuant to § 523(a)(8) of Title 11 of the United States Code (hereinafter referred to as "Bankruptcy Code") and Rule 7001(6) of the Federal Rules of Bankruptcy Procedure (hereinafter referred to as "Bankruptcy Rules").

Pursuant to Federal Rule of Bankruptcy Procedure 7008 and Rule 7008-1 of the Bankruptcy Local Rules for the Western District of Washington, Tacoma Division, Pro Se Plaintiff consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**PARTIES**

Pro Se Plaintiff, Jeanette Mazzola, is the Debtor (hereinafter referred to as "Plaintiff" or "Debtor") in the underlying bankruptcy case and resides at 3105 NE Whitman Avenue, Vancouver, Clark County, Washington 98662.

Defendant, United States Department of Education, may be served with a copy of this Adversary Complaint and the Summons at the U.S. Department of Education, 400 Maryland Avenue SW, Washington, DC 20202, and by serving the United States Attorney, Western District of Washington, 700 Stewart Street, Suite 5200, Seattle, WA 98101, and by serving the Office of the Attorney General, Bankruptcy and Collections Unit, 800 Fifth Avenue, Suite 2000, Seattle, WA 98104.

Defendant, Nelnet, may be served at C T Corporation System for Nelnet, 711 Capitol Way S., Suite 204, Olympia, WA 98501-1267.

## STATEMENT OF FACTS

Plaintiff/Debtor has student loans with the Defendants, Department of Education and Nelnet. The outstanding balance of the student loans Plaintiff/Debtor is seeking to discharge in this adversary proceeding is $72,487.10. Plaintiff/Debtor incurred student loans while attending Lane Community College, Clark College, and Shoreline College, wherein Plaintiff/Debtor was pursuing an associate's degree with a specialization in health care maintenance. Debtor/Plaintiff completed her course of study and received an associate's degree. Debtor/Plaintiff is currently an independent contractor, performing remote legal transcription for SpeakWrite, LLC, whose business address is 6011 West Courtyard Drive, Suite 450, Austin, TX 78730.

Debtor/Plaintiff does not have the ability to make payments on the student loans while maintaining a minimal standard of living for herself and her household, as her gross monthly income is $1,812.48 and monthly expenses are $1,340.30.

In addition, Plaintiff/Debtor's financial circumstances are unlikely to materially improve over a significant portion of the repayment period as Plaintiff/Debtor is over 65 years, and the student loans that Plaintiff/Debtor is seeking to discharge have been in repayment status for at least 10 years. The income Plaintiff/Debtor earns as an independent contractor is insufficient to pay the loans that Plaintiff/Debtor is seeking to discharge, and the income is unlikely to increase to an amount necessary to make substantial payments on the student loans.

Plaintiff/Debtor has made good faith efforts to repay the student loans at issue in this proceeding, including applying for forbearances and/or deferments for a total of 186 months, and has applied for a loan consolidation at least two times. Furthermore, Plaintiff/Debtor has enrolled in two Income Driven Repayment Programs offered by the Department of Education.

Plaintiff/Debtor submits the following circumstances as additional support for the efforts to discharge student loans as an "undue hardship" under 11 U.S.C. § 523(a)(8).

Dischargeability under 11 U.S.C. § 523(a)(8) provides as follows:

"(a) A discharge under §§ 727, 1141, 1192, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt –

(8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for –

(A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or

(ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend."

Plaintiff/Debtor has demonstrated that it would impose an undue hardship on the debtor to except the student loans from discharge.

WHEREFORE, Plaintiff/Debtor respectfully requests that the Court determine that Plaintiff/Debtor's student loans debt to Defendants are dischargeable under 11 U.S.C. § 523(a)(8), and that the Court grant Plaintiff/Debtor any further relief which the Court may deem appropriate.

Respectfully submitted,

_____
Jeanette Mazzola

COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS    4